## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

RANDY YOUNG,
       **Plaintiff,**

    **vs.**

                            **Case No. C2-05-226**
                            **Judge Edmund A. Sargus, Jr.**
                            **Magistrate Judge Mark R. Abel**

PASHA, INC.,
        **Defendant.**

### OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss filed by Defendant, Pasha, Inc.  Defendant argues that Plaintiff, Randy Young, lacks standing to assert the claims under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., ("ADA") set forth in his Complaint.  For the reasons that follow, the Motion is denied.

### I.

The Court accepts the following facts from Plaintiff's Complaint as true for purposes of the instant Motion.  Plaintiff, Randy Young is an Ohio resident.  Plaintiff is a paraplegic with a muscular disorder and requires a wheelchair for mobility.  Plaintiff is disabled within the meaning of the ADA.

On February 23, 2005, Plaintiff requested and was denied accommodation at Defendant's hotel. (Compl., ¶ 7.)  Plaintiff indicates that he visited Defendant Pasha, Inc.'s hotel-property and requested a wheelchair accessible room with a roll-in shower. (Compl., ¶¶ 7, 8.)  Defendant owns or operates the hotel, which is a place of public accommodation in the State of Ohio.

Plaintiff claims that he was denied the full benefits of the facility because Defendant does not have a room that could accommodate him. He alleges that the property does not comply with the ADA guidelines, including the parking lot, entrance access, path of travel, access to goods and services and accessibility to guest rooms. (Compl., ¶ 11.) Plaintiff maintains that these architectural barriers have denied him the ability to visit the property safely. Further, Plaintiff claims that he desires to visit the property again to take advantage of the goods and services. (Compl., ¶¶ 7 & 12.) Plaintiff contends that Defendant continues to discriminate against him because of its non-compliance with the ADA and Plaintiff's continued desire to visit Defendant's premises. (Compl., ¶ 8.)

The Court has federal question jurisdiction over this matter pursuant to Plaintiff's claims under the ADA, 42 U.S.C. § 12181, *et seq.* Specifically, Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188, including an order to alter Defendant's premises to make those facilities comply with the ADA guidelines, or close the facility until Defendant cures its violations of the ADA. Plaintiff also asserts a claim for attorneys' fees, costs, and litigation expense pursuant to 42 U.S.C. § 12205.

## II.

Defendant contends first that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." In considering such a motion,

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

-2-

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth*, 895 F.2d 266, 269 (6th Cir. 1990).

Defendant also moves Federal Rule of Civil Procedure 12(b)(6), which permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also McClain v. Real Estate Bd. of Hew Orleans, Inc.*, 444 U.S. 232 (1980). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshal*, 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

Because a motion under Fed.R.Civ.P. 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather

-3-

than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F.Supp. 117, 120 (S.D. Ohio 1981).

### III.

This action arises under the ADA, in which plaintiff seeks injunctive relief requiring remediation of alleged deficiencies with the hotel property owned by Defendant, Pasha, Inc. Defendant moves for dismissal of the Complaint asserting that Plaintiff does not have standing.

Standing "imports justiciability:  whether the plaintiff has made out a 'case or controversy' between himself and the defendants within the meaning of Art. III." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff must at a minimum allege facts demonstrating that an actual case or controversy in fact exists: "Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged . . . conduct and the injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)("because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate– as opposed to a merely conjectural or hypothetical– threat of *future* injury.")

In ruling on Defendant's Motion to Dismiss for lack of standing, this Court must accept as true all material allegations of the Complaint and must construe the complaint in Plaintiff's favor. *Warth v. Seldin*, 422 U.S. at 501. Applying these standards and viewing the facts alleged in Plaintiff's Complaint as true, the Court concludes that Plaintiff has established the material elements of standing.  Here, the Complaint alleges that Plaintiff is an Ohio resident who suffers disabilities that "substantially [limit] his major life activity of walking." (Compl.  at ¶ 7.)  He alleges that in

March, 2005, he visited Defendant's hotel premises, requested an accessible room with a roll-in shower, but was informed by the counter clerk that the hotel had no rooms that could accommodate his needs. "Plaintiff, Randy Young, wishes to return to the property to avail himself of the goods and services offered to the public at the property." (*Id.*; *see also id.* at ¶8 (referring to Plaintiff's "continued desire to visit the Defendant's premises"); *id.* at ¶12 (noting "Plaintiff desires to visit the defendant's property now and in the future not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property, without fear or discrimination.")

Although the Motion to dismiss characterizes these allegations as amounting to no more than conjecture and hypothesis, this Court, accepting as it must all material allegations in the Complaint as true, concludes that the allegations are sufficient to establish, at this preliminary stage, that Plaintiff has standing to pursue his claims and that this action presents a justiciable case or controversy.[1]

Accordingly, the Motion to Dismiss is **DENIED**.

---

[1] Defendant directs the Court to the fact that Plaintiff initiated twelve other lawsuits against hotels in the Columbus, Ohio area. A review of the Court's docket confirms this assertion and demonstrates that Plaintiff claims he visited all thirteen hotels within four hours over two days. The Court shares a skepticism that Plaintiff genuinely desires to return to all thirteen hotels in the Columbus area to avail himself of the goods and services those establishments provide. *See Young v. Mahasagar, Inc.*, 2005 WL 1868151 (S.D. Ohio Aug. 4, 2005)(Frost, J.)(questioning motive and expressing skepticism regarding this Plaintiff's desire to return to these numerous hotels). This Court, however, like the other branches in this division that have addressed Defendants' challenges to Mr. Young's standing, is constrained to deny the instant Motion to Dismiss because Plaintiff has adequately pleaded an imminent threat of injury by declaring his desire to return to the hotel facilities.

## IV.

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. #4) is **DENIED**.


**IT IS SO ORDERED.**


| | |
|---|---|
| _3-27-2006_ | _(signature)_ |
| **DATED** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |